HYUNG SHIN HAN *v.* HENRY HALM.

No. 2777.

ARGUED JUNE 8, 1950.                    DECIDED JUNE 23, 1950.

KEMP, C. J., LE BARON AND TOWSE, JJ.

*Per Curiam:* This is a motion to dismiss appeal for lack of prosecution on the part of appellant in not filing an opening brief within fifteen days after the case had been placed on the calendar or within any extension of time as prescribed by rule 3 of Rules of the Supreme Court.

The facts are not in dispute. The case was placed on the calendar September 30, 1949, and under the rule appellant had fifteen days in which to file an opening

brief. But he did not file any brief within that period and has never filed one, even though allowed two hundred and thirty days for that purpose on stipulations of counsel by a series of seven extensions of time, the last expiring on May 18, 1950.

At the hearing on the motion the appellant offered the excuse that attorney for appellee shortly after the case had been placed on the calendar had agreed to stipulate with attorney for appellant to the granting of extensions from time to time so as to allow appellant as much time as he needed in which to file an opening brief or to effect a compromise of the litigation pending appeal. This agreement, however, was premised upon the then existing vacancy occasioned by the death of Mr. Justice Cristy on July 11, 1949, which precluded the supreme court from hearing and determining any pending cause during the period of that vacancy as indicated by the result of the opinions set forth in the case of *Menashe* v. *Sutton et al.*, 38 Haw. 449. But such vacancy ceased to exist on April 18, 1950, when Mr. Justice Towse qualified as a member of this court—thirty days prior to the date of expiration of the seventh extension of time. Moreover, attorney for appellee fully performed his part of the agreement by stipulating to the granting of all seven extensions of time and by being ready and willing to stipulate to the granting of an eighth extension at any time before the seventh expired. Nevertheless, the appellant did not seek any further extension of time by either stipulation or order and took no measures after default to have it set aside. Furthermore, neither appellant nor appellee claims that any serious attempt at compromise was ever made by either party. These circumstances demonstrate that nothing transpired to justify appellant's failure to file an opening brief, a period of more than seven months

592

being an exceptionally generous one in which to prepare and file such a brief as well as to exhaust the field of any compromise. His excuse, therefore, is without merit, this court deeming the extreme penalty provided in the rule to be none too severe under the principles enunciated in *Keahilihau* v. *King*, 25 Haw. 139.

Motion granted.

*R. G. Hogan* and *S. Kashiwa* for the motion.

*E. N. Sylva* contra.